UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLERY BENNETT, #796297,

        Petitioner,

                              CASE NO. 5:16-CV-10784
v.                              HON. JOHN CORBETT O'MEARA

JEFFREY WOODS,

        Respondent.
                                        /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Ellery Bennett ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316(1)(a), for the stabbing death of his wife. He was sentenced to life imprisonment without the possibility of parole in 2011. Petitioner pursued an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence, the great weight of the evidence, the admission of hearsay testimony, the conduct of the prosecutor, and his right to a public trial during jury voir dire. The court denied relief on those claims and affirmed his convictions. *People v. Bennett*, No. 303025, 2012 WL 4373399 (Mich. Ct. App. Sept. 25, 2012). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bennett*, 493 Mich. 952, 828 N.W.2d 40 (April 1, 2013).

Petitioner dated his federal habeas petition on February 25, 2016. He raises a claim

concerning the lack of legal counsel at initial arraignment and the state court's jurisdiction. Petitioner indicates that he has not presented his habeas claim to the state courts. For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.     Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted his habeas claim in the Michigan courts before proceeding in this Court on federal habeas review. Petitioner has an available avenue

for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the state trial court under Michigan Court Rule 6.500 *et seq.* and seek further review in the state appellate courts as necessary. The unexhausted claim should be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

A stay, however, is unwarranted. First, Petitioner does not request a stay nor indicate that his circumstances justify one. Second, his only habeas claim is unexhausted. A court ordinarily cannot stay a petition containing only an unexhausted claim. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14–CV–13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06–CV–15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims);

3

*United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06–cv–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that stay and abeyance procedure does not apply to petition containing only unexhausted claims and dismissing petition); *Mimms v. Russell*, No. 1:08–cv–79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07–153, 2007 WL 2320540 at *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Third, the habeas petition appears to already be untimely under the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), because Petitioner waited more than one year after his conviction became final to institute this action such that a non-prejudicial dismissal will not further affect the timeliness of the petition. Fourth, even assuming that Petitioner has not engaged in "intentionally dilatory tactics," he has not shown good cause for failing to exhaust his claim in the state courts before seeking federal habeas relief. Lastly, his unexhausted claim concerns a matter of federal law which may not be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not presented his habeas claim to the state courts before filing this action, that he must exhaust his claim in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court

4

**DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the timeliness or the merits of Petitioner's claim.

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: March 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 14, 2016, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager