UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLERY BENNETT, #796297,

        Petitioner,

                              CASE NO. 5:16-CV-10784
v.                               HON. JOHN CORBETT O'MEARA

JEFFREY WOODS,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Petitioner's motion for reconsideration concerning the Court's March 14, 2016 non-prejudicial dismissal of his petition for a writ of habeas corpus for failure to exhaust state court remedies. The Court also denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal. In this motion, Petitioner argues that the exhaustion requirement should be excused based upon futility because the state courts are unlikely to grant him relief on collateral review.

Having reviewed the matter, the Court finds no reason to reconsider its decision. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Petitioner's belief that he is unlikely to prevail on his claim in the state courts does not establish futility. Courts routinely refuse to excuse the exhaustion requirement

based upon a petitioner's own assessment that the likelihood of success in state court is, at best, remote. *See Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000) ("'[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim.'") (quoting *White v. Peters*, 990 F.2d 338, 342 (7th Cir. 1993)); *Gibson v. Scheidemantel,* 805 F.2d 135, 141 (3d Cir. 1986) ("[I]f we permitted such a prediction [of unlikely success] to constitute the type of futility which would allow a federal court to excuse exhaustion, we would undermine the exhaustion doctrine."). Indeed, allowing the anticipated likelihood of success to excuse exhaustion would be inconsistent with the exhaustion rule and unworkable in practice. The Court properly dismissed the petition on exhaustion grounds. The Court also properly denied a certificate of appealability and denied leave to proceed in forma pauperis on appeal. Accordingly, the Court **DENIES** Petitioner's motion for reconsideration. This case remains closed.

    **IT IS SO ORDERED**.

                                                     s/John Corbett O'Meara
                                                     United States District Judge

Date: April 1, 2016

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 1, 2016, using the ECF system and/or ordinary mail.

                                                     s/William Barkholz
                                                   Case Manager